FÉLIX MEJÍAS SANTANA, ETC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, RAMÓN CANCIO, JUDGE, Respondent; MIGUEL GAVILLÁN, Intervener.

No. 2134. Argued April 2, 1956.—Decided May 31, 1956.

---

*Juan T. Peñagarícano* and *Carlos Coll Carpintero* for petitioner. *E. Martínez Avilés* for intervener, petitioner in the review proceeding before the Superior Court.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

On September 30, 1953 the Economic Stabilization Administrator issued orders fixing maximum rents for two portions of the building located at 1065 Las Palmas Street, Santurce, in the amounts of $56.20 and $17.25 per month, respectively. Miguel Gavillán, the owner of the building, filed a petition for review in the Superior Court, which entered a judgment setting aside these orders. We granted the petition for certiorari filed by the Administrator to review the judgment of the Superior Court.

 We do not stop to examine certain steps taken both by the landlord and the Administrator prior to 1953. The first relevant act, for our purposes, was a notice by the Administrator, dated July 8, 1953, that he proposed to fix a provisional global rent for the building of $60 a month *on the basis of cost of construction*—not including the lot—of $6,000. This amount was less than the rent the landlord had been collecting prior to that date. The Administrator used cost of construction in his order reducing the rent because the Reasonable Rents Act provides that if a building ". . . was constructed after October 1, 1942, the Administrator shall fix the reasonable rent on the basis of the cost of construction . . . ". 17 L.P.R.A. § 186.

The notice stated that a hearing on the merits would be held on August 5, 1953. At this hearing Gavillán and his engineer were the only witnesses. The landlord testified

that the building had been constructed *prior* to October 1, 1942 but had not been rented on that date. Under those circumstances the Reasonable Rents Act provides that ". . . the Administrator shall fix the reasonable rent on the basis of the rents prevailing in Puerto Rico for similar . . . buildings during the year ended October 1, 1942." 17 L.P.RA. § 186.

The Administrator recognized that his provisional order of July 8, 1953 had been based on a misapprehension as to the date of construction of the building. On September 30, 1953—without holding any further hearings—the Administrator issued orders involved herein fixing the rent for the two portions of the building at $56.20 and $17.25 per month, respectively. The orders recite that these amounts were fixed on the basis of the rents prevailing in Puerto Rico for similar premises during the year ended October 1, 1942. These orders were accompanied by a report of an Examiner which states that a specified list of premises was used to obtain the comparable 1942 rents and that 15 per cent was added for capital improvements.

On October 13, 1953 Gavillán filed a motion for reconsideration of the orders of September 30, 1953. Among other grounds, this motion alleged that the Administrator had failed to take into consideration the rent of 8 specifically named comparable properties, and that the premises which were used by the Administrator were not truly comparable to the building involved herein as they were located in commercial zones less desirable than Las Palmas Street. The Administrator denied the motion for reconsideration, stating (1) that only one out of the list of premises submitted by Gavillán is registered, with a rent fixed by the Administrator of $47.15; and (2) that the properties used by the Administrator as a basis for comparison in fixing the rents herein are in a commercial zone superior to that of Las Palmas Street.

The Administrator, by his order of July 8, 1953, in effect initiated a proceeding for the reduction of rent. The Reasonable Rents Act provides that "[t]he Administrator shall fix rules of procedure for the presentation of, and hearings and decisions on, applications for decreases or increases in the rents, filed by tenants or landlords, as the case may be; *Provided*, That the Administrator shall enter no decision on any application for increase or reduction of the rent until after he has summoned the parties to plead according to their rights." 17 L.P.R.A. § 186. We agree with the Administrator that the Legislative Assembly did not thereby provide for all the formalities of a strictly judicial proceeding. But the Administrator was required to give the landlord a hearing at which the latter could present the testimony in support of his position and refute any evidence on which the Administrator intended to rely and which might adversely affect the landlord. *Ledesma, Administrator* v. *District Court*, 73 P.R.R. 379.[1]

An adequate hearing was held in this case when the Administrator first proposed to fix the rent on the basis of construction costs. But subsequently—in view of the testimony at the hearing—the Administrator concluded that he was required to use comparable 1942 rental figures of other premises in order to fix the rent in this case. At that point —either at a new hearing or in support of his motion for reconsideration—Gavillán was entitled to prove if he could that the properties listed by him were comparable in 1942 to his building and that those on which the Administrator

---

[1] Provided it is made available to the interested parties on or before the hearing and provided the latter are given the opportunity to refute anything contained therein, we agree with the Administrator that the entire record must be considered both by the Administrator and by the Superior Court on petition for review. This is in accord with our holding that, in addition to conducting a hearing, the Administrator must make a complete record of the evidence on which he bases his decision for purposes of the judicial review provided by law. *Ledesma, Administrator* v. *District Court, supra.*

intended to rely should not be used for that purpose. He was never given this opportunity, as required by the statute. Instead—both in his orders of September 30, 1953 and in his denial of the motion for reconsideration—the Administrator found that Gavillán's building was comparable to the properties listed by the Examiner rather than to the buildings mentioned by Gavillán without ever giving the landlord a chance to introduce testimony on this question. The Superior Court was therefore correct in holding that the failure of the Administrator to conduct a proper hearing in this case resulted in the nullity of the orders of September 30, 1953 fixing the rent for the two portions of the building herein at $56.20 and $17.25 per month, respectively.[2]

The writ of certiorari will be discharged.

---

[2] We see no purpose in discussing *Bowles* v. *Willingham*, 321 U.S. 503, 519–520, relied on by the Administrator. As we have seen, our Reasonable Rents Act—which is controlling here—specifically provides for a hearing before rent is increased or decreased. No such hearing was ever held in this case on the issue of comparable 1942 rentals.